[No. 20383.   Department Two.   April 22, 1927.]

LUMBERMEN'S INDEMNITY EXCHANGE, *Respondent*, v.
FRED HERRICK, *Appellant.*[1]

[1] INSURANCE (8)—MUTUAL COMPANIES—GUARANTY OBLIGATIONS—
LIABILITY OF MEMBER. A member of a mutual insurance com-
pany organized under the Laws of 1903, ch. 97, p. 146, is liable
to respond to the association in aid of the payment of all fire
losses incurred by the association while he was an insured
member, during the period of his membership and insurance.

[2] SAME (8, 167)—MUTUAL GUARANTY OBLIGATIONS—ACTION ON
POLICY—PARTIES PLAINTIFF. An action against a member of a
mutual insurance company, organized under the laws of 1903,
ch. 97, p. 146, to collect his proportion of fire losses incurred
by the association while he was a member, is properly brought
in the name of the company, and not in the name of its agent
who signed the policy as an attorney in fact.

Appeal from a judgment of the superior court for
Spokane county, Witt, J., entered August 6, 1926, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*G. M. Ferris* and *C. H. Potts,* for appellant.

*Kerr, McCord & Ivey* and *Graves, Kizer & Graves,*
for respondent.

PARKER, J.—The plaintiff, Lumbermen's Indemnity
Exchange, a domestic mutual fire insurance association,
duly incorporated under the laws of this state, seeks
recovery of an amount claimed to be due it from the
defendant, Herrick, as one of its members, to aid in its
reimbursement for fire loss liabilities incurred in favor
of, and paid to, certain of its other members while he
was such member of the association. A trial of the
action on the merits in the superior court for Spokane

[1]Reported in 255 Pac. 664.

county sitting without a jury resulted in findings and judgment awarding recovery to the plaintiff, from which the defendant has appealed to this court.

The association is incorporated and exercises its corporate powers under chapter 97, of the Laws of 1903, p. 146, which, in so far as we need here notice its language, reads as follows:

"Section 1. Any ten or more persons, residents of this state, who may desire to form a company or association for the purpose of mutual protection of the members thereof against loss by fire, shall make and subscribe written articles of incorporation in triplicate, and acknowledge the same before any officer authorized to take the acknowledgments of deeds, . . . Upon filing of said articles with the Insurance Commissioner of this state, together with a statement certified under the oath of its president and secretary showing the amount of insurance and the number of risks pledged upon its books, and that it has otherwise complied with the provisions of this statute, then the Insurance Commissioner shall grant such company or association a certificate of authority to do business. . . . The trustees of any such company shall adopt such by-laws as they may deem proper for the government of its officers and the conduct of its affairs, and said by-laws shall also provide for the liability of its members for the payment of losses and expenses: *Provided*, That such liability shall not be less than a sum equal to one annual premium nor more than a sum equal to five times the amount of one annual premium, and such liability when so determined by the by-laws shall be the entire liability of each member."

"Sec. 5. Any member of such company or association may withdraw and be released from all liability as a member, by surrendering his policy of insurance in such company or association, and by giving five days notice in writing of his intention to withdraw, and paying all dues and assessments due or pending at the time of his withdrawal; but the liability of members for their *pro rata* share of the losses of such company or asso-

ciation shall not cease until the foregoing conditions have been complied with."

"Sec. 10. All assessments levied shall be at the rate of fifteen per cent. of the amount of the annual premium charged by stock insurance companies, as set forth in rate book No. four of the issue of 1900, or the special rate books used by said stock companies: *Provided,* Any association or company operating under the provisions of this act may, in the discretion of its trustees, accept cash premiums for the term of the policy in lieu of assessments levied upon its members."

The DeVeuve-Burns Underwriting Company, a corporation, was at all times in question the general agent of the association, with power to receive members into the association and to issue its policies, being so authorized by power of attorney. On January 28, 1924, Herrick, seeking to become a member of the association, made application therefor to the DeVeuve-Burns Underwriting Company, in that behalf signing a paper in form as signed by all other applicants for membership. That paper is lengthy, and in its recitals contains much which we regard of no consequence in our present inquiry. It is a somewhat involved document. However, its purpose is plainly evidenced by its heading and opening paragraph, reading as follows:

"LUMBERMEN'S INDEMNITY EXCHANGE
    "Subscribers Appointment
"The undersigned, as a subscriber at Lumbermen's Indemnity Exchange, of Seattle, Washington, with a view of escaping the burden of excessive insurance rates, and of effecting adequate protection against loss by fire or other casualty, desires, with other subscribers, to obtain such indemnity by the exchange of private contracts."

This is followed by language authorizing the DeVeuve-Burns Underwriting Company to effect insurance in the association for Herrick; it being treated and referred to as a power of attorney given by Her-

rick to the DeVeuve-Burns Underwriting Company in that behalf. Accordingly, on February 18, 1924, the DeVeuve-Burns Underwriting Company, as attorney in fact for the association, issued to Herrick three insurance policies, insuring him against loss by fire damage to his sawmill plant and lumber, for the period of one year expiring February 18, 1925. One of these policies was for $40,000, reciting "the deposit of $956 premium." Another was for $20,000, reciting "the deposit of $350 premium," and another was for $10,000, reciting "the deposit of $175 premium." These recitals manifestly mean that these deposits were to be treated as a credit to Herrick as an insurer, he being an insurer as well as an insured, as were all other members. These policies issued to Herrick, as all other policies of the association, contain the following stipulation:

"Each subscriber and underwriter including the assured hereunder, agrees that there is assumed by such subscriber or underwriter, as if a separate policy was issued therefor, a sum which is the same proportion of the aggregate liability hereunder as each subscriber's premium deposit bears to the aggregate of all the subscribers' premium deposits under all policies in effect at the time of any loss."

On October 9, 1924, in compliance with § 5 of the law above quoted, Herrick gave to the association due notice of his intention to withdraw as a member, and requested cancellation of his three policies as of that date. Thereupon the three policies were surrendered and accordingly cancelled. This action was thereafter commenced by the association seeking recovery from Herrick, claiming him to be liable to the association in a sum in excess of his premium deposits above noticed, for fire loss liabilities incurred and paid by the association to other members while he was a member; that is, while his policies were in force. The association

was by the judgment awarded recovery against Herrick substantially as prayed for.

[1] The principal contention here made in behalf of Herrick, as we understand his counsel, is, in substance, that he is not liable as one of the mutual insurers, for losses incurring under policies of insurance which were issued prior to his becoming a member of the association. This contention seems to be rested upon certain claimed enumerated powers and restrictions in the so-called power of attorney, by which Herrick applied to the DeVeuve-Burns Underwriting Company for membership and insurance in the association. Counsel for Herrick did not point out at all to our satisfaction any language in this so-called power of attorney having the effect claimed by them. To our minds, this document, in its substance, amounts to nothing more than an application by Herrick to the DeVeuve-Burns Underwriting Company, as the association's general agent, for membership and insurance therein on the part of Herrick, to the end that he have all the privileges, and in connection therewith assume all the liabilities, of both insured and insurer, under the mutual plan of the association's insurance business. The concluding language of the above quotation from the policies of the association, read in the light of the law and the whole plan of insurance being conducted, it seems to us, renders it plain that each insured member also becomes an insurer and, as such, liable to respond to the association in aid of the payment of all fire loss liabilities incurred by the association while he is such insured member, regardless of when the policies covering such losses may have been issued; that is, every insured member of the association is, during the period of his membership and insurance, an insurer of every other then insured member. We do not understand counsel

for Herrick to seriously contend that the amount of the judgment is unwarranted, if this be the correct view of the law and the policies; the real contention being, as we understand counsel, to the contrary of this view; and that most, if not all, of the losses in question occurred under policies issued prior to Herrick becoming an insured member.

[2]   Some contention is made that this action should have been brought in the name of the DeVeuve-Burns Underwriting Company.   It is difficult for us to follow the argument of counsel for Herrick in making this contention; but it seems to be upon the theory that the business as a whole was that of the DeVeuve-Burns Underwriting Company, and not that of the association; this apparently by reason of that company having such a large measure of the practical management of the insurance business in question, and because of a number of somewhat obscure and involved stipulations in the so-called power of attorney given by Herrick to that company in his application for membership; in other words, because the application was made to that company rather than in terms to the association.   We are not impressed with the force of this argument.   The fact remains that the application for the insurance was made to the DeVeuve-Burns Underwriting Company as the agent of the association, and that the policy was in fact issued by the association, though signed by the DeVeuve-Burns Underwriting Company as its attorney in fact.   We conclude that the association is the real party in interest and entitled to recovery from Herrick as prayed for by it.

The judgment is affirmed.

MACKINTOSH, C. J., ASKREN, and TOLMAN, JJ., concur.